IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        :

                               :

v.                       :        CIV. NO. AMD 08-1983

                               :        CRIM. NO. 04-0219

JESSE ROBINSON              :

...oOo...

MEMORANDUM OPINION

Petitioner Jesse Robinson, represented by counsel in the Office of Federal Public Defender, was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1) following a jury trial.  This court sentenced Robinson to 235 months of incarceration.  Robinson appealed. The Fourth Circuit affirmed his conviction, but remanded for resentencing. Following a resentencing, this court reduced Robinson's sentence to 220 months. Robinson appealed again and the Fourth Circuit affirmed his sentence.

Now pending is Robinson's timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Robinson alleges the following claims: (1) his counsel was ineffective by (a) failing to advocate zealously and effectively; (b)failing to call certain witnesses; (c) failing to obtain suppression of the firearm; (d) failing to submit an affidavit in order to request a *Franks* hearing; (e) failing to object to the indictment; (f) failing to object to lack of jurisdiction; (g) failing to object to a move from State to Federal court; (h) failing to challenge denial of acceptance of responsibility consideration; (i) failing to address the matter of uncompensated regulatory takings; (j) failing to challenge his status as an Armed Career Criminal during sentencing; (2) his Fifth

Amendment rights were violated; (3) he was unconstitutionally excluded from *voir dire* of the jury; and (4) the chain of custody was broken with respect to the handgun used in his conviction. The government has filed a brief in opposition and no hearing is needed. As stated herein, Robinson is not entitled to relief on his claims of ineffective assistance. Moreover, his remaining claims have either been finally determined, waived, or plainly lack merit. Accordingly, the motion to vacate shall be denied.

## I.

Robinson's conviction arose from the following facts. On December 26, 2002, Robinson was arrested by Baltimore police in connection with an ongoing attempted murder investigation. During the course of a pat-down at the time of arrest, a detective found a loaded 9 millimeter handgun in Robinson's waistband. The recovered firearm was recorded with Central Complaint Number 027L15823 and entered into Police Evidence. Trial Tr. vol. 3, 263 (Sep. 8, 2004). During questioning, Robinson denied involvement in the attempted murder. The state brought attempted murder and handgun charges against Robinson. After those charges were dismissed, the United States charged Robinson with felon in possession, and the jury found him guilty.

## II.

To successfully claim ineffective assistance of counsel, a petitioner must "identify the acts or omissions of counsel" that show (1) the "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Strickland v. Washington,* 466 U.S. 668, 688, 690 (1984). In considering the

petitioner's claim of ineffective assistance of counsel, the court "should recognize that

counsel is strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The

Petitioner bears the burden of proof. *See Field v. Attorney Gen. of Md.,* 956 F.2d 1290,

1297 (4th Cir. 1992).

III.

The petitioner makes a broad claim that his counsel failed to "zealously and

effectively" represent him. Beyond this conclusory allegation, Robinson has failed to

project any evidence to support this claim. Without any facts to support this allegation, the

court is unable to find that the choices made by counsel "fell below an objective standard

of reasonableness." *Strickland,* 466 U.S. at 687. To the contrary, there are numerous

instances in the record that directly refute this claim. For example, counsel made

numerous objections and conducted extensive direct and cross examination of witnesses.

Robinson also claims that counsel failed to call two important witnesses, Dana

Lovegrove and Kiesha Brown. Ms. Lovegrove, the Baltimore Police technician who

processed the firearm for fingerprints could only testify to the fact that she was unable to

find a suitable latent fingerprint for analysis, a fact stipulated to at trial. Petitioner's brief

suggests that Ms. Brown was a character witness. Given the offense charged, there is no

indication that Ms. Brown's testimony would have benefitted the defendant. Attorneys

often make tactical decisions when deciding whether or not to call certain witnesses,

especially with limited resources. *See Huffington v. Nuth,* 140 F.3d 572 (4th Cir. 1998).

Robinson fails to show that his attorney, John Chun, Esquire, did not call these two witnesses for any reason other than tactical. Additionally, Robinson is unable to show that these two witnesses would have altered the outcome of the case or the fairness of the trial. *Id* at 581.  Absent any evidence to the contrary, counsel is "strongly presumed" to have exercised "reasonable professional judgment." *Strickland* 466 U.S. at 690.

Robinson's allegation that his attorney failed to challenge an illegal seizure of the firearm is utterly false. Mr. Chun indeed challenged the seizure of the firearm (Paper No.12), but this court denied his motion (Paper No.22). Robinson also claims his attorney failed to object to the admission of the firearm into evidence. Mr. Chun challenged the admission of the firearm during a Rule 29 Motion. Trial Tr. vol. 3, 303 (Sep. 8, 2004). However, this court was satisfied with the chain of custody and denied the motion. *Id.*

Petitioner's claim that counsel failed to prepare an affidavit in preparation for a *Franks* Hearing is also without merit. As this court made clear during a motions hearing, the Supreme Court has set a high burden to make a successful claim under *Franks*. *Franks v. Delaware*, 438 U.S. 154 (1978), Hr'g Tr. vol. 1, 12 (Aug. 19, 2004). Under *Strickland*, the court cannot conclude that failing to prepare an affidavit in order to request a *Franks* hearing is outside an "objective standard of reasonableness." *Strickland* 466 U.S. at 668.

Even assuming, *arguendo*, counsel erred, Robinson does not allege, and is in fact, unable to show any prejudice as a result of counsel's failure to submit an affidavit in order to request a *Franks* hearing. *Strickland* 466 U.S. at 692. *See United States v. Collins*, 74 F.3d 1234 (Table), 1996 WL 10295 (C.A.4 (Md.))(Finding that even if

counsel failed to request a *Franks* hearing, there was sufficient evidence outside the scope of *Franks* to sustain conviction and the hearing would not have helped defendant).

Robinson next alleges that his attorney failed to object to the indictment. While Robinson may not have received a signed copy, the original indictment was properly returned and filed on April 22, 2004 and listed the charge and its elements. Additionally, the original indictment contained in the court file bears the signature of the Grand Jury foreperson. Therefore, this claim fails.

Jurisdiction was proper in this case. Title 18 U.S.C. section 3231 states "the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Robinson was charged with an offense against the United States, 18 U.S.C. §922(g)(1), and therefore this court had jurisdiction. There was no reason for his counsel to object to jurisdiction.

Contrary to Robinson's claim, there was no move from state to federal court in this case. Robinson was charged with a separate offense in federal court. It was distinct from the charges filed against him in state court. The argument that his attorney should have objected to a supposed move is without merit.

Robinson's claim that Mr. Chun failed, during sentencing, to seek on his behalf an "acceptance of responsibility" adjustment pursuant to U.S.S.G. § 3E1.1 is without merit. Mr. Chun did not seek acceptance of responsibility consideration because the case went to trial and at no time did Robinson accept responsibility for his actions. Indeed, at sentencing, Robinson continued to proclaim his innocence.  Sentencing Tr. vol. 4 at 412-414(Nov. 29, 2004).

Petitioner's claim that his counsel should have addressed an "uncompensated regulatory taking" fails. Petitioner offers no evidence and does not even state what the government supposedly took without compensation. Assuming petitioner was referring to the firearm, Robinson was a convicted felon and had no legal right to possess a firearm. additionally, the firearm was seized as part police investigation of criminal activity. *See Warden v.Hayden,* 387 U.S. 294, 309–10 (1967).

Robinson's claim that Mr. Chun should have presented his potential to be sentenced as an Armed Career Criminal under the Armed Career Criminal Act, 18 U.S.C. §924 (e), to the jury is without merit. The Fourth Circuit has unequivocally stated, "even after *Blakely* and *Booker,* 'the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.' *United States v. Cheek,* 415 F.3d 349, 352 (4th Cir.2005); *see also Booker,* 543 U.S. at 244 (only facts "other than a prior conviction" must be admitted or proven to jury)." *United States v. Robinson,* 181 Fed.Appx. 379, *381-82, 2006 WL 1373189 (4th Cir.). There is simply no legal support to Robinson's allegation that the jury should have been informed that he faced being charged under the Armed Career Criminal Act.

Robinson alleges that his Fifth Amendment rights were violated because the detective who read him his *Miranda* Rights did not testify at trial. This court, however, found that the officer who did testify at trial was credible. There is no reason to doubt the

officer's testimony that the defendant's statements to the police were made knowingly and voluntarily. Hr'g Tr. vol. 1, 69 (Aug. 19, 2004).

Robinson's next claim is that he was denied the opportunity to be present during *voir dire* of the jury. The record indicates that Robinson declined to be present during the *voir dire* after the Court made it clear he had the right to be present. Trial Tr. vol. 2, 121-122 (Sep. 7, 2004).

Even if he was excluded from the *voir dire*, Robinson must show that his exclusion affected the outcome of the [trial]," or "probably influenced the verdict[s]" against him. *United States v. Rolle* 204 F.3d 133,139-40 (4th Cir. 2000)(citing United States v. *Olano,* 507 U.S. 725, 734-35 (1993)). "Some difference" is not enough. *Id* at 140. Robinson has not provided any evidence to meet this standard and in any event, as with most of his claims, this claim has been waived because it was not raised in his direct appeal.

Robinson has no chain of custody claim with regard to the seized firearm. During Robinson's first appeal, the Fourth Circuit found the chain of custody sufficient to justify entering the firearm into evidence. *United States v. Robinson,* 181 Fed.Appx. 379, 2006 WL 1373189. As the Court stated, "considering the evidence-including unequivocal direct testimony from the arresting officer-in the light most favorable to the government, we find ample reason why the jury could conclude that the gun introduced into evidence was indeed the same one recovered from Robinson. *See United States v. Burgos,* 94 F.3d 849, 863 (4th Cir.1996) (en banc)." *Id* at *181.

IV.

In sum, Robinson has failed to demonstrate he is entitled to relief. His allegations

of ineffective assistance of counsel do not meet the *Strickland* standard. Moreover, his

Fifth amendment, *voir dire* and chain of custody claims have either been finally

determined, waived, or fail for lack of any factual or legal support. Accordingly, the

motion to vacate shall be denied. An order follows.


                          _/s/_____

                          Andre M. Davis
                          United States District Judge

Date: June 18, 2009