IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSE ROBINSON

    Petitioner

v.

UNITED STATES OF AMERICA

    Respondent

Civil Action No. RDB-10-1533
Criminal Action No. 04-219

o0o

### MEMORANDUM

On June 10, 2010, Petitioner filed the above-captioned motion to vacate pursuant to 28 U.S.C. §2255. Paper No. 76. For the reasons that follow, the motion must be dismissed without prejudice for lack of jurisdiction.

Petitioner filed his first motion to vacate on July 31, 2008. Paper No. 52. The motion was denied on July 16, 2009. Paper Nos. 63 and 64. Petitioner filed his second motion to vacate on May 13, 2010. The motion was denied without prejudice for lack of jurisdiction on May 18, 2010. Paper Nos. 73-75. The instant motion, therefore, represents another successive §2255 challenge to Petitioner's conviction. As Petitioner has previously been advised by this Court, the motion may not be considered absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim unless and until certification is obtained.

As Petitioner is aware, the United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Court shall provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims.

A separate order follows.

June 24, 2010
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE